IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER C. WATSON,

    Petitioner,                    No. CIV S-06-1966 MCE DAD P

   vs.

B. CURRY, et al.,                 ORDER AND

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the required filing fee or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

        Petitioner is challenging a judgment of conviction entered in the Sacramento County Superior Court on July 12, 1989. Petitioner alleges the following eighteen claims in a 107-page petition:

        A. Ground one: USE OF "OTHER CRIMES" JURY INSTRUCTIONS VIOLATES DUE PROCESS

        B. Ground two: CALIFORNIA'S SENTENCING SCHEMES VIOLATE THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE IT ENTRUSTS TO A JUDGE THE FINDING OF FACT(S) ENHANCING A DEFENDANT'S PENALTY BEYOND THE STATUTORY MAXIMUM. THE

1

CONSTITUTION MANDATES THAT ANY FACT THAT INCREASES THE PENALTY BEYOND THE STATUTORY MAXIMUM MUST BE PLEAD AND PROVED BY A JURY.

C.  Ground three:  THE STATE OF CALIFORNIA NEVER REVIEWED PETITIONER'S SENTENCE TO DETERMINE WHETHER THE SENTENCE IMPOSED IS DISPARATE IN COMPARISON WITH SENTENCES IMPOSED IN SIMILAR CASES, AS IS MANDATED BY LAW.

D.  Ground four:  NEW EVIDENCE HAS BEEN OBTAINED SOME YEARS AFTER THE CONVICTION WHICH ESTABLISHES PETITIONER'S FACTUAL INNOCENCE

E.  Ground five:  THE AMENDED COMPLAINT ALLEGED ONE PARTICULAR DATE FOR THE CRIME TO HAVE OCCURRED YET ALL TESTIMONY FAILED TO SUPPORT THAT DATE EFFECTIVELY ALTERED THE CHARGING TERMS OF THE AMENDMENT, THUS DESTROYING DEFENDANT'S RIGHT TO BE TRIED ONLY ON THE CHARGES SET FORTH IN THE INDICTMENT

F.  Ground six:  PROSECUTORIAL MISCONDUCT

G.  Ground seven:  TRIAL COURT ERRONEOUSLY INTERFERED WITH THE PRESENTATION OF THE DEFENSE BY REFUSING TO ALLOW THE PRESENTATION OF CHARACTER EVIDENCE ATTACKING THE CREDIBILITY OF THE COMPLAINING WITNESS

H.  Ground eight:  "Evidence of a person' general reputation with reference to his character or a trait of his character at a relevant time in the community in which he then resided or in a group with which he then habitually associated is not made inadmissible by the hearsay rule."

I.  Ground nine:  TRIAL COURT'S REFUSAL TO ALLOW AS EVIDENCE THE ENTIRE LETTER OF JULLIE [sic] TO HER MOTHER CONSTITUTED PREJUDICIAL ERROR

J.  Ground ten:  TRIAL COURT ERRED IN ALLOWING PROSECUTION WITNESS, SANDRA BAKER TO GIVE EXPERT TESTIMONY

K.  Ground eleven:  INEFFECTIVE ASSISTANCE OF COUNSEL

L.  Ground twelve:  EVIDENCE WAS INSUFFICIENT TO SUSTAIN CONVICTIONS ON COUNTS ONE THROUGH TWELVE

/////

     M. Ground thirteen: THE PROSECUTION CHARGED PETITIONER ILLEGALLY WITH TIME BARRED CHARGES IN WHICH THE STATUE [sic] OF LIMITATIONS HAD EXPIRED ON THOSE CHARGES

     N. Ground fourteen: THE PROSECUTION ILLEGAL [sic] CHARGED PETITIONER WITH FELONY CHILD MOLESTATION CHARGES INSTEAD OF MISDEMEANOR CHILD MOLESTATION

     O. Ground fifteen: PROSECUTION USED PERJURED TESTIMONY, INTENTIONAL PERJURY, SUPPRESSING MATERIAL EVIDENCE AND USING FALSE TESTIMONY ALLOWING IT TO GO UNCORRECTED CAUSING PROSECUTORIAL MISCONDUCT

     P. Ground sixteen: PETITIONER WAS ILLEGALLY CONVICTED OF A WRONGFUL DATE, BY PERJURED TESTIMONY AND SUPPRESSION OF EVIDENCE BY THE PROSECUTION

     Q. Ground seventeen: PETITIONER WAS WRONGFULLY CONVICTED OF OTHER CRIMES. BASED ON PROSECUTOR'S KNOWING PRESENTATION OF FALSE EVIDENCE AND FAILURE TO CORRECT THE RECORD VIOLATES PETITIONER'S DUE PROCESS

(Pet. at pages electronically numbered 4-5 & 12-106.)

     Petitioner previously challenged his 1989 Sacramento County judgment of conviction in case No. CIV S-00-2674 WBS DAD P, a federal habeas proceeding commenced on December 6, 2000. Petitioner alleged two grounds for relief in his previous petition:

     Ground one: The trial court's adverse credible finding that the victim's recantation was incredible was an abuse of discretion.

     Ground two: The trial court abused it's [sic] discretion by failing to hold an evidentiary hearing; thereby dening [sic] petitioner the chance to develop material facts.

(Pet. at 5.) Respondents' motion to dismiss the petition for failure to raise a proper federal question was granted on February 4, 2002, and the habeas petition was summarily dismissed. Petitioner did not appeal the decision.

/////

Petitioner's new habeas petition is a second or successive petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim that was <u>not</u> presented in a prior application shall be dismissed, unless

>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive application permitted by § 2244(b)(2) can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The claims alleged in petitioner's second habeas petition were not presented in his first petition. Petitioner has not obtained an order from the Ninth Circuit Court of Appeals authorizing this court to address any of the new claims. The undersigned will therefore recommend that this action be dismissed without prejudice so that petitioner may move in the Ninth Circuit Court of Appeals for an order authorizing this district court to consider a second habeas petition attacking petitioner's 1989 conviction.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of this order and findings and recommendations upon Stanley Cross, Acting Senior Assistant Attorney General; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
wats1966.suc